UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TROY ROBERT BRAKE,

           Petitioner,           Case No. 1:12-cv-794

v.                                     Honorable Robert Holmes Bell

CARMEN PALMER,

           Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.    Factual Allegations

Petitioner Troy Robert Brake presently is incarcerated at the Michigan Reformatory. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520b, assault with a dangerous weapon, MICH. COMP. LAWS § 750.82, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. On April 21, 2009, he was sentenced to respective prison terms of 16 to 30 years, 12 to 30 years, 2 to 4 years, and 2 years.

Petitioner appealed his convictions as of right to the Michigan Court of Appeals, raising a single issue: his right to due process was violated when there was insufficient evidence of Petitioner's intent to kill and, thus, insufficient evidence to convict Petitioner of assault with intent to murder. His principal contention was that his actions were a drunken attempt to retaliate for a perceived robbery attempt and his primary goal was to silence the victim, not to kill her. In an unpublished opinion issued on September 21, 2010, the court of appeals affirmed his convictions. *People v. Brake*, No. 292313, 2010 WL 3657778 (Mich. Ct. App. Sept. 21, 2010). The Michigan Supreme Court denied leave to appeal on February 7, 2011.

Petitioner filed a habeas action in this Court on or about September 14, 2011.[1] *See Brake v. Palmer*, No. 1:11-cv-987 (W.D. Mich.). That same date, Petitioner filed a motion to hold

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner dated his application on September 14, 2011, and it was received by the Court on September 19, 2011. Thus, it must have been handed to prison officials for mailing at some time between September 14 and 19, 2011. The Court gave Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

the petition in abeyance pending exhaustion in the state courts of unspecified additional claims. Petitioner indicated that, within 60 days of the filing of the September 14, 2011 habeas petition, he intended to file a motion under MICH. CT. R. 6.502, raising his additional claims.  In an opinion, order and judgment issued October 12, 2011, the Court dismissed the petition for lack of exhaustion and denied Petitioner's motion for a stay of the proceedings. *Id.* (docket ##5, 6, 7).  The Court held that, because Petitioner had until May 9, 2012 in which to file his habeas petition, he had ample time to file his motion for relief from judgment in the state courts without jeopardizing the timeliness of his habeas petition.[2]  (*Id.*)

On July 30, 2012,[3] Petitioner filed this, his second habeas petition.  Once again he has contemporaneously filed a motion to stay the proceedings so that he may file a motion for relief from judgment in the state courts within 60 days of his petition.  In his motion for relief from judgment, Petitioner proposes to raise two claims not presented on direct appeal:  (1) ineffective assistance of trial counsel; and (2) ineffective assistance of appellate counsel.

   II.   Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment

---

[2] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2).

[3] Petitioner signed his petition on July 30, 2012, and it was received by this Court on August 1, 2012.  Again, the Court has given Petitioner the benefit of the earliest possible filing date.

of the AEDPA, there was no defined period of limitation for habeas actions.[4]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to the instant application,

---

[4]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on February 7, 2011. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, May 9, 2011.

Petitioner had one year from May 9, 2011, or until May 9, 2012, in which to file his habeas application. Petitioner filed the instant petition on July 30, 2012. As noted, the brief pendency of his previous habeas corpus proceeding in this court did not toll the running of the statutory period. *Duncan*, 533 U.S. at 181-82. In any event, that proceeding lasted less than one month and so would not save the timeliness of this petition, even if it were counted. Petitioner filed more than one year after the time for direct review expired. Thus, his application is time-barred.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he

has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

Equitable tolling is particularly inappropriate in the instant action. In the opinion dismissing his first habeas petition, the Court clearly advised Petitioner about how the period of limitations would be calculated. The Court expressly informed Petitioner that, absent tolling, his period of limitations would expire on May 9, 2012, seven months after the Court issued its decision. The Court also advised Petitioner that, should he file a state-court motion for relief from judgment and pursue it through the appellate process, his limitations period would be tolled from the time he filed his motion in the state trial court until the Michigan Supreme Court had issued its decision on appeal. The Court further advised Petitioner that, should he decide to pursue only his exhausted claim, he could refile his petition at any time before May 9, 2012.

Notwithstanding these clear instructions, Petitioner failed either to file his motion for relief from judgment or return to this Court prior to the expiration of the statute of limitations. In

support of his motion to stay, Petitioner simply reiterates the intent he expressed in his first petition and motion to stay: that he will file a state-court motion for relief from judgment within 60 days of his habeas petition. Given that Petitioner has not filed that motion in the ten months since the Court issued its prior decision, no basis exists for crediting Petitioner's declaration of intent. In light of his lack of diligence, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

### Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:   August 16, 2012            /s/  Joseph G. Scoville
                                    United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).