UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TROY ROBERT BRAKE,

       Petitioner,

                                       Case No. 1:12-CV-794

v.

                                       HON. ROBERT HOLMES BELL

CARMEN PALMER,

       Respondent.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION AND
## DENYING PETITION FOR WRIT OF HABEAS CORPUS

On August 16, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Petitioner Troy Robert Brake's § 2254 petition for writ of habeas corpus be denied as time-barred, and that a certificate of appealability be denied. (Dkt. No. 3.) This matter is before the Court on Petitioner's objections to the R&R. (Dkt. No. 4.)

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which specific objections have been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). Although the

Magistrate Judge's R&R is reviewed *de novo*, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Petitioner does not object to the Magistrate Judge's finding that his petition is untimely. His objection is based on his contention that the limitations period should be equitably tolled because he received bad advice from another prisoner and because he is actually innocent. Petitioner's allegations do not warrant the application of equitable tolling in this case. Petitioner's reliance on another prisoner for advice on filing reflects neither diligence nor exceptional circumstances, especially in this case where the Court gave Petitioner clear directions on when the limitations period would end and the need for diligence in pursuing state-court remedies. *See Brake v. Palmer*, No. 1:11-CV-987 (W.D. Mich. Oct. 11, 2011) (Dkt. No. 5, Op.at 5.) Although "equitable tolling of the one-year limitations period based on a credible showing of actual innocence is appropriate," *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005), Petitioner has merely asserted that he "will show" that he is not guilty of the crimes he was convicted of. Petitioner has failed to make a credible showing of actual innocense as he has provided no facts or evidence in support of his assertion of innocence. The Court agrees with the R&R that Petitioner's habeas petition is time-barred. The Court further finds that equitable tolling is not warranted.

This Court is denying Petitioner's application on the procedural ground that it is time-barred. Under *Slack v. McDaniel*, 529 U.S. 473 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only when "the prisoner shows,

at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that dismissal is proper based on the procedural ground that it is time-barred. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 4) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the August 16, 2012, Report and Recommendation of the Magistrate Judge (Dkt. No. 3) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: January 29, 2013                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           UNITED STATES DISTRICT JUDGE